RAPAPORT LAW FIRM, PLLC
Marc A. Rapaport
Meredith R. Miller
One Penn Plaza, Suite 2430
New York, NY 10119
Telephone: (212) 382-1600
mrapaport@rapaportlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUAN QUISPE, ROBERTO CESPEDES,
JOEL LEON PERUANO, ROBERT DAVILA, and          Case No.
PAUL MEDINA, individually and on behalf of all
others similarly situated,

                    Plaintiffs,                          **COMPLAINT**

                    vs.

MEC GENERAL CONSTRUCTION CORP.,
MEC GENERAL CONSTRUCTION INC., and
EDMILSON DELIMA,

                    Defendants.
-------------------------------------------------------------X

       Plaintiffs JUAN QUISPE ("Quispe"), ROBERTO CESPEDES ("Cespedes"),  JOEL

LEON PERUANO ("Peruano"), ROBERT DAVILA ("Davila") and PAUL MEDINA

(collectively, the "Plaintiffs" and/or "Named Plaintiffs") individually and on behalf of all

others similarly situated, as class representatives, upon personal knowledge as to themselves

and upon information and belief as to other matters, by and through their attorneys,

RAPAPORT LAW FIRM, PLLC, as and for their Complaint, allege:

## PRELIMINARY STATEMENT

**The Nature of Plaintiffs' Claims:**

       1.     This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201 *et seq.* and the collective action provision of 29 U.S.C. § 216(b) to recover

unpaid overtime wages, minimum wages, unlawful deductions, and other wages owed to

Plaintiffs and similarly-situated interior finish/construction laborers (to wit, painters, plasterers, framers, carpenters, and sheetrock workers) by Defendants – a Queens (Flushing) based construction contractor and its owner – from February 5, 2015 to the date of trial.

2.      Plaintiffs also bring this action for themselves and on behalf of similarly situated current and former employees of defendants pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.* and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

3.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of forty (40) hours per week, without receiving applicable minimum wage or appropriate compensation for hours over forty (40) per week that they worked. Defendants' conduct extends beyond Plaintiffs to all other similarly situated employees.

4.      Throughout the periods during which Plaintiffs worked for Defendants, Defendants repeatedly provided paychecks that were returned for insufficient funds. In these instances, Plaintiffs were not paid in a timely manner. Defendants failed to provide paystubs or any other notice required by the NYLL.

## JURISDICTION AND VENUE

5.      Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1137 because this case arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. The Court has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. §1367.

6.      Venue is appropriate in this district pursuant to 28 U.S.C. §1391 because Defendants transact business and have agents in the Eastern District and this is the judicial district in which the events giving rise to the claims occurred. Defendants have facilities and employed Plaintiffs and Collective and Class Members in this district.

7.    This Court has personal jurisdiction over the Defendants pursuant to New York Civil Practice Law and Rules § 301 in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiffs within the State of New York, and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the laws of the State of New York, and accordingly may be served with process pursuant to Fed. R. Civ. P. 4(h)(1).

## THE PARTIES

**Plaintiffs**

8.    Quispe is an adult, natural person who resides in the City of New York, County of Bronx and State of New York.

9.    Cespedes is an adult, natural person who resides in the City of New York, County of Queens and State of New York.

10.    Peruano is an adult, natural person who resides in the City of New York, County of Queens and State of New York.

11.    Davila is an adult, natural person who resides in the City of New York, County of Kings and State of New York.

12.    Medina is an adult, natural person who resides in the City of New York, County of Queens and State of New York.

**Defendants**

13.    At all times hereinafter mentioned, Mec General Construction Corp., was and is a domestic corporation doing business in New York State with a principal office for the conduct of business at 33-20 61st Street, Woodside, New York 11377 and/or at 40-11 76th Street, East Elmhurst, New York  11373.

14.    Upon information and belief, Mec General Construction Corp. also conducts business and holds itself out as "Mec General Construction Inc." and, previously, as "Mec

General Dry Wall Corp." and/or "Mec General."

15.     Upon information and belief, Mec General Construction Corp. and Mec General Construction Inc. operate and function as a unified business enterprise, to wit, as general contractor and/or specialty trade contractor that performed construction work in and around New York City.   Mec General Construction Corp. and Mec General Construction Inc., together with their affiliates, are collective referred to herein as "Mec  General Construction" and/or as "Defendants."

16.     Upon information and belief, during the past six years, Mec General Construction employed in excess of 200 workers as painters, finishers, plasterers, framers, dry wall workers, and/or to perform other construction/renovation related tasks at projects situated throughout New York City.

17.      Defendant Edmilson Delima ("Delima") is an adult natural person who resides in the City of New York, County of Queens, and State of New York.

18.     Upon information and belief, Delima resides at 40-11 76th Street, Elmhurst, New York 11373.

19.     Upon information and belief, at all relevant times, Delima was the President and/or owner and/or highest ranking officer of Mec General Construction, and he exercised (and continues to exercise) ultimate decision-making responsibility and operational control for Mec General Construction, including control over wage and hour practices and policies.

20.     At all relevant times, Delima had the authority to hire and fire Mec General Construction's employees.

21.     At all relevant times, Delima possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

22.    Delima is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

23.    Delima determined the wages and compensation of the employees of Mec General Construction, including the Plaintiffs.

24.    Delima exercises sufficient control of the Defendants' day to day operations to be considered Plaintiffs' and Class Members' employer under the FLSA and the NYLL.

25.    Upon information and belief, Delima is liable for the wages of Plaintiffs and those similarly situated under New York Business Corporation Law § 630 and New York Limited Liability Company Law § 609(c), as well as in his individual capacity as employer under the FLSA and the NYLL.

## CLASS ACTION ALLEGATIONS

26.    Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Defendants' conduct, including, but not necessarily limited to, the following Plaintiffs Classes:

*FLSA Class:*

27.    The FLSA Class refers to all persons who are, or have been, employed as painters, finishers, plasterers, framers, dry wall workers, and/or workers who performed other construction-related tasks, by Mec General Construction (the "FLSA Collective Plaintiffs") from three (3) years prior to this action's filing through the date of the final disposition who elect to opt in to this action.

28.    This action claims that Defendants violated the wage and hour provisions of FLSA by depriving Plaintiffs, as well as others similarly situated to them, of their lawful wages.  Upon information and belief, there are at least 200 similarly situated current and former employees who worked for Mec General Construction during the three-year period preceding the filing of this complaint, who have been underpaid in violation of the FLSA and

were subjected to the same, unlawful wage policies and practices as Plaintiffs, and who would benefit from court-supervised notice of, and the opportunity to join, this lawsuit.

29.    Upon information and belief, at all relevant times, Defendants are aware and have been aware of the requirements to pay Named Plaintiffs and FLSA Collective Plaintiffs at amounts equal to the rate of one and one-half times their regular rates of pay for all hours worked each workweek above forty, yet they purposely and willfully chose not to do so.

30.    The names, contact information, wages, and other relevant information regarding the FLSA Collective Plaintiffs are readily ascertainable, such information being in the possession and control of Defendants.

31.    Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation, unpaid overtime, an equal amount of liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

### *The New York Class – Rule 23 Class Allegations:*

32.    The New York Class refers to all persons who are, or have been, employed as painters, finishers, plasterers, framers, dry wall workers, and laborers, and/or workers who performed other construct-related tasks, by Mec General Construction on or after the date that is six years before the filing of the Complaint in this case and the date of final judgment in this matter as defined herein.

33.    The Rule 23 Class Members ("New York Class") are readily ascertainable. The number and identity of the New York Class are determinable from the records of Defendants.  The positions held, and nature and extent of certain unlawful deductions from wages are also determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under Fed. R. Civ. P. 23.

34.     The Defendants, their officers, and directors are excluded from the Classes, as well as all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

35.     This action has been brought and may properly be maintained as a class/collective action under Fed.R.Civ.P. Rule 23 and 29 U.S.C. §216 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

(a) Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the classes are so numerous that joinder of all members is impractical.  Membership in the Plaintiff Classes will be determined upon analysis of employee and payroll records, among other records maintained by Defendants.

(b) Commonality:  Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy.  Consequently, class certification is proper under Fed.R.Civ.P. Rule 23(b)(3) and 29 U.S.C. §216(b).  For example, Mec General Construction's practice and policy of failing to comply with New York Labor Law requirements pertaining to wage notices and pay statements, as alleged above, applies to all members of the New York Class, and the relief demanded (including, *inter alia*, the demand for injunctive and declaratory relief) affects the entire class.

(c) Typicality: Plaintiffs' claims are typical of the claims of the Plaintiffs Classes. Plaintiffs and members of the Plaintiffs Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of

state and federal law, as alleged herein.  Upon information and belief, all New York Class Members were subject to the same corporate practices of Mec General Construction of failing to pay overtime compensation; unlawful wage deductions; violations of NYLL §195(3) by failing to issue accurate and complete wage statements to employees that correctly identified the name of the employer, address of employer, rates of pay or basis thereof, regular hourly rate, number of overtime hours worked; and violations of NYLL §195(1) by failing to provide to employees, upon hiring, a written notice in English and the employee's primary language setting forth the employee's rates of pay and basis thereof, the name of the employer, physical address of the employer's business, names and aliases used by the employer, and other legally-mandated disclosures.

(d) <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants.  The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.  Plaintiffs are informed and believe, and based thereon allege, that Defendants, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all members of each class.

Consequently, Class certification is proper under Fed.R.Civ.P. 23(b)(2) and 29 U.S.C. § 216(b).

(e) <u>Adequacy of Representation</u>: Plaintiffs are adequate representatives of the Plaintiffs Classes, in that their claims are typical of those of the Plaintiffs Classes and they have the same interests in the litigation of this case as the Class Members. Plaintiffs are committed to vigorous prosecution of this case, and have retained competent counsel, experienced in employment litigation of this nature, who have been diligent in investigating the claims of Plaintiffs and putative Class Members. Upon information and belief, Plaintiffs are not subject to any individual defenses unique from those applicable to the Class.

36.   Proceeding as a class action provides Rule 23 Class Members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while reducing risks of retaliation.

## COMMON FACTUAL ALLEGATIONS

37.   As described herein, Defendants have, for years, knowingly failed to adequately compensate those employees within the class definitions identified above for wages, including overtime wages due, under the FLSA (29 U.S.C. §§ 206 and 207) and the NYLL (Article 19), and unlawfully deducted sums from wages in violation of the New York Wage Payment Act, Labor Law § 190, et seq., the New York Labor Law § 650, et seq., and New York Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.  Among other means, Defendants engaged in unlawful business practices by requiring employees to work numerous hours of overtime without overtime compensation.  In addition, Defendants took unlawful deductions from the wages of Plaintiffs by requiring them to pay the cost of "tools of the trade."

38.   Upon information and belief, Defendants have been and continue to be

employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39.     At all relevant times, all of the Defendants were joint employers of Plaintiffs and the FLSA Collective and Rule 23 Class members within the meaning of the FLSA and the NYLL, having operated as a unified construction/renovation enterprise.

40.     Defendants employ employees at their places of business in the activities of an enterprise engaged in commerce, including employees handling or otherwise working on goods or materials (such as construction tools, supplies, and materials) that have been moved or produced for commerce. The enterprise has an annual gross volume of sales made or business done in an amount not less than $500,000.  Therefore, the employees are employed in an enterprise engaged in commerce within the meaning of section (3)(s)(1)(A) of the FLSA.

41.     At all relevant times, the Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

42.     Delima has a direct economic interest in Mec General Construction.

43.     Consistent with their policies and patterns or practices, Defendants harmed Named Plaintiffs individually, as set forth below.

*Defendants' Wage and Hour Violations Affecting Plaintiffs*

44.     No notification, either in the form of posted notices, or other means, was given to any of the Plaintiffs regarding wages as was required under the FLSA and NYLL.

45.     Defendants did not give any notice to Plaintiffs, in English and in Spanish (Plaintiffs' primary language), of their respective rates of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

46.     Defendants failed to maintain any means of accurately keeping track of the hours that any of the Plaintiffs worked, and they did not ask Plaintiffs to record their hours.

As set forth in detail below, each of the Plaintiffs had a fixed daily rate of pay, regardless of the number of hours that they worked per day or per week. The amounts paid did not compensate for hours that Plaintiffs worked above forty (40) hours per week.

47.    Defendants did not provide Plaintiffs with uninterrupted meal periods.

48.    Plaintiffs received no spread-of-hours pay required under the NYLL, even though they worked in excess of 10 hours on multiple days.

49.    Defendants failed to provide any of the Plaintiffs with paystubs.

50.    Defendants required Plaintiffs to purchase "tools of the trade" with their own funds, including, *inter alia*, brushes, protective face masks, stilts.

**QUISPE**

51.    Quispe was employed by Defendants as a painter from approximately April 2013 through December 2016. During his employment, Quispe worked at performed interior painting work at apartment buildings located throughout New York City.

52.    Quispe, who regularly worked substantially more than forty (40) hours per week, never received overtime pay of one and one half times his regular rate of pay for hours he worked above forty each week.

53.    During his employment, Quispe generally worked six days per week, typically as follows: (a) Monday through Thursday, 7:00 a.m. to 5:30 p.m.; and (b) Friday to Saturday, 7:00 a.m. to 3:30 p.m. (for a total of approximately fifty-nine (59) hours per week).

54.    On occasion, Quispe was required to work additional hours. For example, during a three-month period in late 2016, Quispe worked two Sundays per month and until 7:30 p.m. on weekdays.

55.    Defendants failed to maintain accurate recordkeeping of his hours that Quispe worked. Quispe was not asked to keep track of his time, nor to his knowledge, did the Defendants utilized any time tracking device, such as punch cards, that accurately reflected

his actual hours worked.    Upon information and belief, Defendants' policy of failing to accurately keep track of hours worked was a practice and policy that was applied across the board to all such workers.

56.    Defendants paid Quispe the fixed amount of One Hundred Twenty Dollars per workday.  This amount did not vary even when Quispe was required to stay later or work a longer day than his usual schedule.  Furthermore, this amount remained the same regardless of the number of hours that Quispe worked above forty hours in any given workweek.

57.    For example, on days when Quispe worked from 7:30 a.m. until 7:30 p.m., Quispe received the same pay as when he worked from 7:30 a.m. until 5:30 p.m.

58.    Defendants required Quispe to provide his own "tools of the trade," including paint brushes, an extension pole, a protective face mask, and stilts for painting ceilings.

**CESPEDES**

59.    Cespedes was employed by Defendants as a painter from approximately June 2015 until in or about January 2016, and thereafter, from in or about March 2016 until in or about March 2017.

60.    Like Quispe, Cespede performed painting work for Defendants at projects located throughout New York City, and he was subjected to the same FLSA and NYLL overtime violations as Quispe, to wit: although he regularly worked substantially more than forty (40) hours per workweek, never received overtime pay of one and one half times his effective, regularly hourly rate of  pay for hours he worked above forty (40) each week.

61.    During his employment, Cespedes' regular work schedule consisted of six days of work per week, from Monday through Saturday, as follows: (a) April through November: Monday through Thursday, from 7:00 a.m. to 5:30 p.m.; and Friday and Saturday, from 7:00 a.m. to 3:00 p.m.  (for a total of approximately fifty-eight (58) hours per

workweek); and (b) December through March: Cespedes had a lighter schedule, and he typically worked forty-eight (48) per week.

62.    In addition, Cespedes also worked approximately fifteen (15) Sundays during his employment with Defendants.

63.    Defendants failed to maintain accurate recordkeeping of his hours that Cespedes worked.  Cespedes was not asked to keep track of his time, nor to his knowledge, did the Defendants utilized any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

64.    During the period June 2015 to January 2016, Defendants paid Cespedes the fixed amount of One Hundred Ten Dollars ($110.00) per workday.  During the period March 2016 to March 2017, Defendants paid Cespedes the fixed amount of One Hundred Twenty ($120.00) per workday.  These amounts did not vary even when Cespedes was required to stay later or work a longer day than his usual schedule.  The daily pay that Cespedes received covered only his first forty hours of work per week, and he was not paid 1.5 times his regular rate of pay for substantial overtime hours that he worked each week.

**PERUANO**

65.    Peruano was employed by Defendants as an interior painter from approximately March 2015 through approximately late January 2016.   During his employment, Peruano performed interior painting work at projects located throughout New York City.

66.    Peruano, who regularly worked six (6) days per week, was not paid for overtime hours at 1.5 times his effective hourly rate of pay.

67.    Defendants failed to maintain accurate recordkeeping of his hours that Peruano worked.  Peruano was not asked to keep track of his time, nor to his knowledge, did the Defendants utilized any time tracking device, such as punch cards, that accurately

reflected his actual hours worked.    Upon information and belief, Defendants' policy of failing to accurately keep track of hours worked was a practice and policy that was applied across the board to all such workers.

68.    Defendants paid Peruano the fixed amount of One Hundred Twenty-Five Dollars ($125.00) per day, with no compensation whatsoever for hours that Peruano worked in excess of forty (40) hours per workweek.  This amount did not vary even when Peruano was required to stay later or work a longer day than his usual schedule.

69.    As a result, Peruano received no compensation for the substantial hours that he above forty (40) per workweek.

**DAVILA**

70.    Davila was employed by Defendants as a painter from approximately August 2015 through October 2017.  During his employment, Davila performed painting work at apartment buildings located throughout New York City.

71.    Davila, who regularly worked more than forty (40) hours per week, never received overtime pay of one and one half times his effective, hourly regular rate of pay for hours he worked above forty each week.

72.    During his employment, Davila's worked: (a) <u>from approximately August 2015 until approximately February 2016:</u>  (a) Monday through Thursday: 7:00 a.m. to 5:30 p.m.; and Friday - Saturday: 7:00 a.m. to 3:30 p.m. (for a total of approximately sixty-one (61) hours per week; and (b) from approximately March 2016 until approximately October 2017: Monday through Saturday: Six workdays, divided as follows: four days 7:00 a.m. to 3:30 p.m., and two workdays: 7:00 a.m. to 5:30 p.m. (for a total of approximately fifty-three (53) hours per week.

73.     Defendants failed to maintain accurate recordkeeping of his hours that Davila worked.  Davila was not asked to keep track of his time, nor to his knowledge, did the

Defendants utilized any time tracking device, such as punch cards, that accurately reflected his actual hours worked.   Upon information and belief, Defendants' policy of failing to accurately keep track of hours worked was a practice and policy that was applied across the board to all such workers.

74.    Initially, Defendants paid Davila the fixed amount of One Hundred Ten Dollars ($110.00)  per workday.   After approximately six months, Davila's daily wage gradually increased to One Hundred Twenty Dollars ($120.00); then to One Hundred Thirty Dollars ($130.00); and finally to One Hundred Forty Dollars ($140.00).   These daily wages did not vary even when Davila was required to stay later or work a longer day than his usual schedule, and did not compensate him at 1.5 times his effective, hourly rate of pay for hours worked above forty (40) per week.

75.    Davila was required to provide and pay for his own "tools of the trade," including, but not limited to, brushes, hand rollers, painting extension poles, protective face masks, and stilts for painting ceilings.

**MEDINA**

76.    Medina was employed by Defendants as a painter from approximately 2009 through October 2016.

77.    Like the other Plaintiffs herein, Medina performed painting work for Defendants at projects located throughout New York City, and he was subjected to the same FLSA and NYLL wage violations as them, to wit: although he regularly worked substantially more than forty (40) hours per workweek, he never received overtime pay of 1.5 times his regular rate of pay for hours he worked above forty (40) each week.

78.    During his employment, Medina's regular work schedule consisted of six (6) days of work per week, from Monday through Saturday, for a total of approximately sixty (60) hours per workweek.

79.    Defendants failed to maintain accurate recordkeeping of Medina's work hours. Medina was not asked to keep track of his time, nor to his knowledge, did Defendants utilized any time tracking device, such as punch cards, that accurately reflected his actual hours worked.

80.    Defendants paid Medina the fixed amount of One Hundred Forty-Five Dollars ($145.00) per workday, which covered only the first forty hours of work that he performed each week, with no compensation whatsoever for overtime hours.  The daily rate of pay that Defendants paid to Medina did not vary even when Medina was required to stay later or work a longer day than his usual schedule.

<u>**AS AND FOR A FIRST  CAUSE OF ACTION**</u>
**FLSA Minimum Wage Violations**
**(On Behalf of Plaintiffs and the FLSA Class)**

81.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

82.    At all times relevant to this action, Defendants were Plaintiffs' employers and employers of the putative FLSA class members within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

83.    At all times relevant to this action, Defendants were engaged in commerce or in an industry and/or activities affecting commerce.

84.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all of their hours worked, resulting in Plaintiffs' effective, hourly pay rates falling below the require minimum wage.

85.    Plaintiffs were victims of  Defendants' common policy and practices of violating minimum wage rights under the FLSA by failing to compensate painters, finishers, plasterers, framers, dry wall workers, and/or workers performing other construction-related

trades, for all hours that they worked, and obfuscating this unlawful practice by not providing wage notices and paystubs.

86.     Defendants failed to pay Plaintiffs and putative FLSA class members at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

87.     Defendants' failure to pay Plaintiffs and FLSA Class Members at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

88.     Plaintiffs and FLSA Class Members were damaged in an amount to be determined at trial.

**AS AND FOR A SECOND CAUSE OF ACTION**
**FLSA Overtime Wage Violations, 29 U.S.C. §§ 201 *et seq.***
**(On Behalf of Plaintiffs and the FLSA Class)**

89.      Plaintiffs incorporate each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

90.     At all relevant times hereto, the Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d).  Defendants employed members of the FLSA Class as painters, finishers, plasterers, framers, dry wall workers, and/or to perform other construction-related tasks, which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1).  At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

91.     Plaintiffs are informed and believe, and thereon allege, that Defendants have required, or require, the FLSA Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).  That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the

17

hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

92.    Plaintiffs and members of FLSA Class Members routinely worked substantially more than forty (40) hours per week, yet did not receive overtime compensation at 1.5 times their effective, hourly rate of pay for the work, labor and services they provided to Defendants for hours worked above the first (40) per workweek, as required by the FLSA, 29 U.S.C. §§ 206 and 207.  The precise number of unpaid overtime hours will be proven at trial.

93.    Plaintiffs propose to undertake appropriate proceedings to have FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to join with the Court.

94.    Defendants' violations of the FLSA's overtime provisions were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

95.    As a result of the foregoing, Plaintiffs seek judgment against Defendants on their own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to join in this action, for all unpaid wages, including minimum wage and overtime wages owed by Defendants to Plaintiffs and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and attorneys' fees, as provided for under 29 U.S.C. § 216(b).

### AS AND FOR A THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wages
### (On Behalf of Plaintiffs and the New York Class – FRCP Rule 23)

96.    Plaintiffs, for themselves and on behalf of the New York (Rule 23) Class, repeat, re-allege and incorporate by reference the prior allegations of this complaint as if fully alleged herein.

97.     The minimum wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Plaintiffs.

98.     Defendants, in violation of the NYLL, willfully paid Plaintiffs and Class members less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

99.     Plaintiffs and Class Members were damaged in amounts to be determined at trial.

100.    Due to Defendants' willful violations of the NYLL, Plaintiffs and members of the New York (Rule 23) Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**
**(On Behalf of Plaintiffs and the New York Class – FRCP Rule 23)**

101.    Plaintiffs, for themselves and on behalf of the New York (Rule 23) Class, repeat, re-allege and incorporate by reference the prior allegations of this complaint as if fully alleged herein.

102.    Defendants, in violation of N.Y. Lab. Law §§ 190 and 650 et seq., and supporting regulations, failed to pay Plaintiffs overtime compensation at rates of one and one-half (1.5) the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

103.    As a result of Defendants' knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per workweek, Plaintiffs are entitled to compensation for unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

104.    All members of the New York Class are similarly entitled to compensation for unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### AS AND FOR A FIFTH CAUSE OF ACTION
### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
### OF THE NEW YORK COMMISSIONER OF LABOR
### (On Behalf of Plaintiffs and the New York Class – Rule 23)

105.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

106.    Defendants willfully failed to pay Plaintiffs (and the NYLL (Rule 23) Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten (10) hours in violation of New York Lab. Law §§ 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. TIT. 12, § 146-1.6.

107.    Plaintiffs and members of the NYLL Class were damaged in amounts to be determined at trial.

108.    Due to Defendants' willful violations of the NYLL, Plaintiffs and members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### AS AND FOR A SIXTH CAUSE OF ACTION
### Illegal Deductions, New York Labor Law, Article 19 § 193
### and 12 N.Y.C.R.R. § 2.10(a).
### (On Behalf of Plaintiffs and the New York Class – Rule 23)

109.    Plaintiffs incorporate each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

110.    In violation of the New York Labor Law, Article 19, § 193, Defendants unlawfully deducted wages from Plaintiffs and members of the New York Class, including,

*inter alia*, requiring Plaintiffs and similarly situated workers to provide and pay for their own "tools of the trade," which further reduced their effective, hourly rates of compensation below the required minimum and overtime rates of pay.

111.    As a result of the foregoing, Plaintiffs seek judgment against Defendants on their own behalf, and on behalf of putative New York Class Members similarly situated for reimbursement of unlawful deductions, as well as liquidated damages, pre-judgment and post-judgment interest, and such other relief as the Court deems just and proper.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements
### (On Behalf of Plaintiffs and the New York Class – Rule 23)

112.    Plaintiffs, on behalf of themselves and the New York Class members, repeat and re-allege and incorporate each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

113.    The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide employees with an accurate wage statement each time they are paid.

114.    Defendants willfully failed to provide Plaintiffs and the New York Class with wage statements at the end of every pay period that correctly identified the name of the employer; address of employer; rates of pay or basis thereof; regular hourly rate; whether paid by the hour, shift, day, week, salary, piece, commission, or other; number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; and such other information as required by NYLL § 195(3).

115.    Due to Defendants' violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendants per employee liquidated damages of $250.00 per work day that the violations occurred, or continue to occur, up to $5,000.00, together with costs, reasonable attorneys' fees, pre-judgment and post-judgment interest, and injunctive and declaratory relief, pursuant to the NYLL § 198(1-d).

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**NYLL Wage Theft Prevention Act (WTPA) – Failure to Provide Wage Notices**
**(On Behalf of Plaintiffs and the New York Class – Rule 23)**

116.    Plaintiffs, for themselves and on behalf of the FLSA Class and New York Class, repeats, re-allege and incorporate by reference the prior allegations of this complaint as if fully alleged herein.

117.    The NYLL and WTPA, as well as the NYLL's interpretative wage orders, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

118.    From its enactment on April 9, 2011 through January 5, 2016, the WTPA also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment (amended in January 2015 to be distributed "upon hiring" and not annually) and to provide to employees, a written notice setting forth the employee's rates of pay and basis thereof; the name of the employer; physical address of the employer's business; names used by the employer; and other mandated disclosure.

119.    In violation of NYLL § 191, Defendants failed to furnish Plaintiffs, at the time of hiring (and annually for those years prior to the January 2015 amendment) or whenever there was a change to their rate of pay, with wage notices required by NYLL § 191.

120.    Due to Defendants' violation of NYLL § 195(1), Plaintiffs and NYLL Class Members are entitled to recover from Defendants liquidated damages: (a) for the time period commencing six years before the filing of this Complaint, through January 5, 2015, the sum $50 per work week, up to $2,500; and (b) from January 6, 2015 through the resolution of this case, $50.00 per work day, up to $5,000.00, together with reasonable attorneys' fees, and costs of this action, pursuant to the NYLL § 198(1-b).

**AS AND FOR AN NINTH CAUSE OF ACTION**
**Declaratory Judgment**
**(On Behalf of Plaintiffs, FLSA Class and New York Class – Rule 23)**

121.    Plaintiffs, for themselves and on behalf of the FLSA Class and New York Class, repeat, re-allege and incorporate by reference the prior allegations of this complaint as if fully alleged herein.

122.    This action provides a ripe and justiciable case or controversy.

123.    It is just and equitable that the Court declares the rights and other legal relationships of the parties.

124.    Plaintiffs, the FLSA Class and New York Class are entitled a declaration that Defendants acts are in violation of the FLSA and NYLL.

**RELIEF SOUGHT**

**WHEREFORE,** the Plaintiffs, JUAN QUISPE, ROBERTO CESPEDES, JOEL LEON PERUANO, ROBERT DAVILA and PAUL MEDINA on behalf of themselves and the FLSA Class and the New York Class, respectfully request that the Court grant the following relief:

1.    Designation of this action as a collective action on behalf of the FLSA Class members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 28 U.S.C. § 216(b) and appointing Plaintiffs and their undersigned counsel, to represent the FLSA Class Members;

2.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the New York Class members and appointing Plaintiffs and their undersigned counsel to represent the class;

3.    An order tolling the statute of limitations;

4.    That the Court declare, adjudge and decree that Defendants violated the minimum wage provisions of the FLSA as to Plaintiffs and the FLSA Class;

5.      That the Court declare, adjudge and decree that Defendants violated the minimum wage provisions of the NYLL as to Plaintiffs and the NYLL Class;

6.      That the Court declare, adjudge and decree that Defendants violated the overtime wage provisions of the FLSA as to Plaintiffs and the FLSA Class;

7.      That the Court declare, adjudge and decree that Defendants violated the minimum wage provisions of the NYLL as to Plaintiffs and the NYLL Class;

8.      That the Court declare, adjudge and decree that Plaintiffs, the FLSA Class, and NYLL Class were at all times relevant hereto, and are, entitled to be paid (a) minimum wages required by the NYLL and FLSA; (b) overtime for work beyond 40 hours in a week required by the NYLL and FLSA; and (c) remuneration for unlawful deductions; and that the amounts to which Plaintiffs, the FLSA Class and the New York Class are entitled is to be doubled as liquidated damages and awarded thereto.

9.      That the Court make an award to Plaintiffs, the FLSA Class and the New York Class of damages and/or restitution for the amount of unpaid compensation, unpaid overtime compensation, including interest thereon, and statutory penalties/liquidated damages in amounts to be proven at trial;

10.     That the Court make an award to Plaintiffs and the New York Class of reimbursement for all unlawful deductions;

11.     For all other Orders, findings and determinations identified and sought in this Complaint;

12.     For pre-judgment and post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate, under the NYLL and CPLR;

13.     For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law;

14.     Declaring that Defendants violated the notices and record keeping provisions

of NYLL and WTPA;

15.     An award of statutory damages for Defendants' failure to provide accurate wage statements pursuant to the NYLL and applicable wage orders;

16.     An award of statutory damages for Defendants' failure to provide proper and/or accurate wage notices pursuant to the NYLL and wage orders; and

17.     A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL; and

18.     Such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

Dated: February 5, 2018                    **RAPAPORT LAW FIRM, PLLC**

By:                    /s/
_____
Marc A. Rapaport, Esq.
Meredith R. Miller, Esq.
Attorneys for Plaintiffs
and the Plaintiff Classes
One Penn Plaza, Suite 2430
New York, New York 10119
Ph: (212) 382-1600